# EXHIBIT A

## TO THE WRIT CLERK:
### A WRIT IS HEREBY WAIVED.  DO NOT ISSUE A NOTICE OF SUIT DIRECTED TO THE SHERIFF BECAUSE NONE OF THE DEFENDANTS IN THIS CASE ARE LOCATED WITHIN PENNSYLVANIA

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| Stewart N. Abramson<br>    Plaintiff<br><br>v.<br><br>Huron Law Group, PLLC<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL DIVISION<br>ARBITRATION DOCKET<br>No. AR-14-000028 |

TYPE OF PLEADING:
Plaintiff's Original Complaint

FILED BY:
Stewart N. Abramson
Plaintiff

Counsel of Record:
Stewart N. Abramson, Pro Se

ADDRESS:
522 Glen Arden Drive
Pittsburgh, PA   15208
412-362-4233 (voice)
412-362-7668 (fax)

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN OBTAIN LEGAL HELP. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE.

LAWYER REFERRAL SERVICE – THE ALLEGHENY COUNTY BAR ASSOCIATION
920 CITY-COUNTY BUILDING – 414 GRANT STREET
PITTSBURGH, PENNSYLVANIA 15219
412-261-5555

## HEARING NOTICE

YOU HAVE BEEN SUED IN COURT. The above Notice To Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice To Defend, a hearing before a board of arbitrators will take place in Room 702 of the City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania on _____**March 6, 2014**_____, at 9:00 AM. IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING.

## DUTY TO APPEAR AT THE ARBITRATION HEARING

If one or more of the parties is not present at the hearing, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

**NOTICE:** YOU MUST RESPOND TO THIS COMPLAINT WITHIN TWENTY (20) DAYS OR A JUDGMENT FOR THE AMOUNT CLAIMED MAY BE ENTERED AGAINST YOU BEFORE THE HEARING.

IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD IMMEDIATELY BEFORE A JUDGE WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| Stewart N. Abramson<br>  Plaintiff<br><br>v.<br><br>Huron Law Group, PLLC<br>  Defendant | CIVIL DIVISION<br>ARBITRATION DOCKET<br>No. AR-14-000028 |

## PLAINTIFF'S ORIGINAL COMPLAINT

### The Facts Related to this Case:

1. At all times material, Plaintiff Stewart N. Abramson (hereinafter referred to as Plaintiff and/or Abramson) was and is an individual residing in Allegheny County, Pennsylvania at 522 Glen Arden Drive, Pittsburgh, PA 15208.

2. Based upon information and belief, Plaintiff avers that at all times material Defendant Huron Law Group, PLLC (hereinafter referred to as Defendant and/or Huron Law Group) was and is registered with the State of Michigan (ID Number D4327W). The registered agent is listed as Donald B. Lifton, and the address is listed as 30600 Telegraph Road, Suite 1240, Bingham Farms, MI 48025.

3. Based upon information and belief, Plaintiff avers that at all times material Defendant Huron Law Group did business using the Internet web site www.huronlawgroup.com.

4. Based upon information and belief, Plaintiff avers that at all times material Defendant Huron Law Group did business using the telephone numbers 248-213-6728, 248-809-5257, 248-809-5272, 800-937-6332, and 800-970-4876.

5. On 10/30/13, at approximately 3:26 PM, Plaintiff received a telemarketing call on his cellular telephone (hereinafter referred to as **CALL 1**). Plaintiff answered **CALL 1** by saying "Hello", but there was a 3 to 4 second pause before a telemarketing representative responded, indicative of a telemarketing call that was made by an automatic telephone dialing system. Plaintiff spoke with a woman who identified herself as Gloria. Gloria informed Plaintiff that her company could provide Plaintiff with consumer debt reduction services. Gloria tried to transfer Plaintiff to her loan officer, but then she said that they were on another call and Gloria told Plaintiff that she would call him back in a few minutes. Plaintiff informed Gloria that she had called him on his cellular telephone and that he didn't want to receive telemarketing-related calls on his cellular telephone. Plaintiff gave Gloria his landline telephone number for her to call him back.

6. On 10/30/13, at approximately 3:34 PM, Plaintiff received a call back from Gloria on his landline telephone. Gloria then did a live, three-way, transfer of Plaintiff to her loan officer who identified herself as Rona Micheau. Rona informed Plaintiff that she was with the Huron Law Group, that their web site was www.huronlawgroup.com, and that Plaintiff could call her back at 248-213-6728. Rona informed Plaintiff that she had both his cellular and landline telephone numbers. Plaintiff asked Rona to add his cellular telephone number to her company's do-not-call list. Rona sent Plaintiff additional information about Huron Law Group via e-mail.

7. On 11/25/13 at approximately 5:50 PM, Plaintiff received a telemarketing call on his cellular telephone (hereinafter referred to as **CALL 2**). Plaintiff answered **CALL 2** by saying "Hello", but there was a 3 to 4 second pause before a telemarketing representative responded, indicative of a telemarketing call that was made by an automatic telephone dialing system. Plaintiff spoke with a man who identified himself as Max. Max informed Plaintiff that his company could provide Plaintiff with consumer-debt reduction services. The connection was not very good so Plaintiff told Max that he did not like to receive telemarketing-related calls on his cellular telephone and Plaintiff asked Max to call him back on his landline telephone number.

8. On 11/25/13, at approximately 5:52 PM, Plaintiff received a call back from Max on his landline telephone. Max then did a live, three-way, transfer of Plaintiff to a man who identified himself as Steve Nick. Steve informed Plaintiff that he was with the Huron Law Group and that Plaintiff could call him back at 248-809-5257. Steve sent Plaintiff additional information about Huron Law Group via e-mail

## The Law Related to this Case:

9. The Telephone Consumer Protection Act of 1991 (47 USC 227), and the Federal Communication Commission's (FCC's) rules promulgated under that Act (47 CFR 64.1200, 64.1601, and 68.318), are hereinafter referred to collectively as the TCPA.

10. The TCPA is a Federal Act of Congress that provides individuals with a private right of action in their State Courts. The Court of Common Pleas of Allegheny County is an appropriate State Court to hear a cause of action brought under the TCPA (*Abramson v. Aegis Ins. Agency, Inc.*, 153 P.L.J. 174, WL 5088151).

11. Plaintiff intends to serve Defendants located outside the Commonwealth of Pennsylvania by certified mail, return receipt requested, pursuant to Pa. R.C.P. 402, 403, 404, 405, and 424 (Abramson v. Satellite Systems Network, AR-05-001510; Reichert v. TRW, 385 Pa. Super. 416, 561 A.2d. 745 (1989), reviewed on other grounds, 531 pa. 193, 611 A.2d. 1191 (1992); Goodrich-Amram, Standard Pennsylvania Practice, 2d, sections 403:1, 404(2):1, and 424:4 (2001)).

12. The Commonwealth of Pennsylvania retains personal jurisdiction over Defendants located in foreign States even if those Defendants are alleged to have directed only a single telephone call into the State of Pennsylvania in violation of the TCPA (*Abramson v. Perfekt Marketing*, 2007 TCPA Rep. 1547; *Abramson v. Royalty Holidays*, 2006 TCPA Rep. 1447, AR-05-008412).

13. The TCPA at 47 USC 227(b)(1)(A)(iii) states the following:

    (b) Restrictions on use of automated telephone equipment
       (1) Prohibitions. It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States
          (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice
             (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

14. The TCPA provides a private right of action at 47 USC 227(b)(3) for violations of 47 USC 227(b)(1)(A)(iii) which states that:

    A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --
       (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
       (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
       (C) both such actions.
    If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

15. The term "willful" is defined at 47 USC 312(f)(1) as:

    "The conscious and deliberate commission or omission of [an] act, irrespective of any intent to violate any provision of this Act or any rule or regulation of the Commission authorized by this Act."

**Prayer for Relief:**

16. Plaintiff alleges that Defendant Huron Law Group or an agent, employee, or representative acting on their behalf, made **CALL 1** and **CALL 2** to Plaintiff's cellular telephone using an automatic telephone dialing system, without Plaintiff's prior express consent, in violation of 47 USC 227(b)(1)(A)(iii).

17. Pursuant to 47 USC 227(b)(3), Plaintiff hereby requests that the court award the minimum mandatory statutory damages of $1,000.00 from Defendant Huron Law Group for two separate violations of 47 USC 227(b)(1)(A)(iii).

18. Plaintiff alleges that the actions and omissions of Defendant Huron Law Group were conscious and deliberate, and that they violated 47 USC 227(b)(1)(A)(iii) of the TCPA willfully.

19. Pursuant to 47 USC 227(b)(3), Plaintiff hereby requests that the court treble the requested minimum mandatory statutory damages of $1,000.00 to the maximum statutory damages allowed by law of $3,000.00.

**WHEREFORE**, Plaintiff Stewart N. Abramson requests judgment in his favor, and against Defendant Huron Law Group PLLC, for $3,000.00 plus all reasonable court costs and attorney's fees.

___e-filed:  Stewart Abramson___
Stewart N. Abramson, Plaintiff

___1/6/14___
Date

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| Stewart N. Abramson<br>　　Plaintiff<br><br>v.<br><br>Huron Law Group, PLLC<br>　　Defendant | )<br>)<br>)　CIVIL DIVISION<br>)　ARBITRATION DOCKET<br>)　No. AR-14-000028<br>)<br>)<br>) |

## VERIFICATION

Plaintiff Stewart N. Abramson verifies, pursuant to 18 Pa. C.S. Section 4904, that the facts set forth in the foregoing Plaintiff's Original Complaint are true and correct to the best of his knowledge, information and belief.


__e-filed:  Stewart Abramson__　　　　　__1/6/14__
Stewart N. Abramson, Plaintiff　　　　　　Date